IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Elliott Associates, L.P.; Elliott International, L.P.; The Liverpool Partnership; Tyrus Capital Event Master Fund Limited; and Tyrus Capital Opportunities Master Fund Limited,<br><br>    Plaintiffs,<br><br>  -v-<br><br>AbbVie Inc.,<br><br>    Defendant. | Case No. 1:17-cv-3494<br><br>Judge John Z. Lee |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION TO REMAND**

  In June 2016, Plaintiffs brought this action under Illinois law in Illinois state court against Illinois-based AbbVie Inc.  The action concerns AbbVie's aborted 2014 acquisition of Shire plc.  Plaintiffs made investments in Shire in reliance on AbbVie's fraudulent misrepresentations and concealment of material facts relevant to the AbbVie-Shire transaction.  Plaintiffs suffered damages when AbbVie aborted the Shire transaction.  After eleven months of state-court litigation, including the state court's full denial of AbbVie's motion to dismiss, AbbVie changed counsel and removed the case to this Court.

  AbbVie argues that Plaintiffs' Illinois-law fraudulent concealment claim arises under federal law and thus establishes federal jurisdiction.  AbbVie's jurisdictional theory fails, however, because Plaintiffs' Illinois-law fraudulent concealment claim relies on a duty to disclose that independently arose under Illinois law.  AbbVie cannot show that the case will require resolution of a federal issue.  As a result, the case should be remanded.

## BACKGROUND AND PROCEDURAL POSTURE

This action arises from AbbVie's aborted 2014 acquisition of Shire. (Complaint ¶¶ 53-54, 56-57, attached as Ex. A.) AbbVie structured the transaction as a tax inversion—a controversial tax-avoidance device—but repeatedly stated that its rationale for acquiring Shire was unrelated to tax considerations. (*Id.* ¶¶ 37-38.) Yet after the government took modest regulatory action against tax inversions, AbbVie abandoned the acquisition, pointing only to the loss of tax benefits. (*Id.* ¶¶ 53-57.) AbbVie's about-face stunned the market, prompting one financial journalist to describe it as "outright deceit." (*Id.*) AbbVie's actions revealed that it had made intentionally false statements about the Shire acquisition and concealed material facts from the Shire investors whose support AbbVie had cultivated.

Plaintiffs filed their Complaint in the Circuit Court of Cook County, Illinois approximately one year ago, on June 24, 2016. (*Id.* at 33.) Plaintiffs pled three Illinois state-law fraud claims: two fraudulent misrepresentation claims (Counts I & III) and one fraudulent concealment claim (Count II). On October 6, 2016, AbbVie filed a motion to dismiss all claims. (10/6/16 Mot. Dismiss, attached as Ex. B.) AbbVie argued that the fraudulent concealment claim should be dismissed because Plaintiffs failed to sufficiently plead that AbbVie had a duty to disclose material concealed facts to Plaintiffs. (*Id.* at 14-15.)

In opposition, Plaintiffs argued that Illinois and federal law each independently imposed on AbbVie a duty to disclose under the facts alleged. (11/3/16 Opp. Mot. Dismiss at 14-15, attached as Ex. C.) Plaintiffs showed that under Illinois law a defendant has a duty to disclose when the defendant concealed a material fact in connection with a business transaction in order to mislead the plaintiffs. (*Id.* (citing *W.W. Vincent & Co. v. First Colony Life Ins. Co.*, 814 N.E.2d 960, 969, 351 Ill. App. 3d 752, 762 (1st Dist. 2004) (under Illinois law, "[t]he concealment of a material fact during a business transaction is actionable if done with the intention to deceive under circumstances creating

2

an opportunity and duty to speak. A statement which is technically true may nevertheless be fraudulent where it omits qualifying material since a 'half-truth' is sometimes more misleading than an outright lie.")).) This Illinois-law duty to disclose arises based on the plaintiff's prior or anticipated business dealings with the defendant. *See, e.g.*, *Neptuno Treuhand-Und Verwaltungsgesellschaft Mbh v. Arbor*, 692 N.E.2d 812, 817, 295 Ill. App. 3d 567, 574 (1st Dist. 1998). Plaintiffs also argued that AbbVie—a company required to report under the federal securities laws—had federal statutory and regulatory obligations to ensure its statements were not misleading by omission. (Ex. C at 15.)

On January 6, 2017, the Illinois circuit court denied AbbVie's motion to dismiss. (1/6/17 Order Den. Mot. Dismiss, attached as Ex. D.) In refusing to dismiss Plaintiffs' fraudulent concealment claim, the state court referred to the federal duty to disclose under the facts alleged, and did not reject the independent state law ground:

> In Count II of Plaintiffs' Complaint, Plaintiffs allege that even if Defendant's statements were technically true, the omission and concealment of certain other material facts made them misleading. Further, Plaintiffs allege that Defendant had a duty to disclose all material facts under Federal securities laws. See 15 U.S.C. § 78j; 17 C.F.R. § 240. 10b-5. Defendant's motion to dismiss Count II pursuant to Section 2-615 is denied.

(*Id.* at 4.)

AbbVie then answered the Complaint, and the parties then began discovery. AbbVie served interrogatories, one of which requested that Plaintiffs identify business dealings or business transactions between Plaintiffs and AbbVie. Plaintiffs objected because the interrogatories sought information unrelated to AbbVie's proposed acquisition of Shire and generally stated they "ha[d] not been a party to any business dealing or business transaction with AbbVie." (4/10/17 Pl. Elliott Assocs. L.P.'s Resp. to Interrogs. at 7, attached as Ex. E.)

In May, AbbVie removed the case to this Court.

3

**ARGUMENT**

A defendant in an action filed in state court may remove the action only if the action is one that the plaintiff originally could have filed in federal court. *See* 28 U.S.C. § 1441(a). The removing party has the burden of establishing federal jurisdiction. *See Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). "Any doubt regarding jurisdiction should be resolved in favor of the states." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). If the district court lacks jurisdiction, "the case shall be remanded." *See* 28 U.S.C. § 1447(c).

AbbVie, the removing party with the burden to establish federal jurisdiction, bases its removal on the assertion that Plaintiffs' state-law fraudulent concealment claim involves a federal question: the application of federal securities law to impose a duty to disclose on AbbVie. However, federal question jurisdiction does not exist where a state-law claim is supported by alternative state-law and federal-law grounds. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 810 (1988); *see also Samuel Trading, LLC v. Diversified Grp., Inc.*, 420 F. Supp. 2d 885, 891 (N.D. Ill. 2006) ("If a claim can be supported independently by both state and federal law theories, federal question jurisdiction does not attach because federal law is not a necessary element of the claim.") (internal quotation omitted). "[T]he question is, does a state-law claim **necessarily** raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (emphasis added).

Here, this Court lacks subject matter jurisdiction because there is an independent Illinois-law basis for Plaintiffs' fraudulent concealment claim, so that the state-law claim does not "necessarily raise a stated federal issue[.]" *Id.* AbbVie concedes that the Illinois-law basis survived the Illinois state court's January 6, 2017 denial of AbbVie's motion to dismiss. (5/9/17 Notice of Removal ¶ 9, ECF No. 1.) As AbbVie recognizes, AbbVie's removal would be untimely if the Illinois court had

4

rejected Plaintiffs' state-law concealment theory in the January order. *See* 28 U.S.C. § 1446(b)(3) ("notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

Necessarily conceding that the Illinois-law ground survived the January 6, 2017 decision denying AbbVie's motion to dismiss, AbbVie rests removal on its assertion that Plaintiffs' interrogatory responses compel the conclusion that the Illinois-law ground for the fraudulent concealment claim is no longer at issue. On the merits, that assertion is incorrect. The Illinois-law duty to disclose does not require that Plaintiffs be a party to a prior transaction with AbbVie beyond the anticipated but abandoned AbbVie-Shire transaction that is the subject of this action. Rather, it is sufficient that Plaintiffs had "prior **or anticipated business dealings**" with AbbVie. *Neptuno*, 692 N.E.2d at 817, 295 Ill. App. 3d at 574 (emphasis added). The anticipated business dealings—as detailed in Plaintiffs' Complaint (Ex. A ¶¶ 41, 67-71)—included AbbVie's cultivation of support by Shire investors for the Shire merger. Plaintiffs' interrogatory answers do not address, change, or invalidate the Illinois-law basis for AbbVie's duty to disclose. To the contrary, the interrogatory responses merely show that Plaintiffs had no prior business dealings with AbbVie, something that is not needed to establish a duty to disclose under Illinois law.

But this Court need not decide the merits of the Illinois-law duty to disclose to remand the action to Illinois state court. Courts remand where the non-removing party's allegations establish a state claim that does not require resort to federal law. *See Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1043 (9th Cir. 2003), *as amended* (Sept. 5, 2003 and Sept. 22, 2003) ("While we express no opinion on whether Lippitt has made sufficiently detailed allegations of deception and fraud to survive in state court [based on his state-law theory] . . . his allegations are sufficient . . . to sustain the elements of his [state-law] claim without resort to federal law."); *see also Andrews v. Daughtry*, No.

5

1:12-CV-00441, 2013 WL 664564, at *7 n.11 (M.D.N.C. Feb. 22, 2013) (attached as Ex. F) ("Whether this states a claim for relief under North Carolina law is not for this court to decide at this stage. What is clear, however, is that the claim does not rely exclusively on a claim arising under federal law."). Here, AbbVie concedes that the Illinois-law ground survived the state court's order denying AbbVie's motion to dismiss and instead rests its removal argument entirely on interrogatory responses that do not address facts that support the existence of an Illinois-law duty to disclose. AbbVie has failed to establish federal-question jurisdiction.

In sum, the federal-law duty to disclose underlying Plaintiffs' Illinois-law fraudulent concealment claim exists side-by-side with the independent Illinois-law duty to disclose. Since the Illinois-law duty to disclose is sufficient for Plaintiffs to prove their fraudulent concealment claim, a court may never reach the federal-law ground. AbbVie cannot establish that a federal issue is necessarily raised and subject to resolution by this Court. Therefore, the Court lacks subject matter jurisdiction and the case should be remanded.

## CONCLUSION

Plaintiffs request that the Court grant this motion and remand the case to Illinois state court.

```
```

Dated: June 7, 2017                                  Respectfully submitted,

                                                     By: /s/ James B. Heaton, III
                                                          One of the Attorneys for Plaintiffs

Jeffrey A. Hall
James B. Heaton, III
Robert B. Tannenbaum
Wesley A. Morrissette
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 W. Hubbard Street, Suite 300
Chicago, IL 60654
Tel. (312) 494-4400
Fax (312) 494-4440
jeffrey.hall@bartlit-beck.com
jb.heaton@bartlit-beck.com
robert.tannenbaum@bartlit-beck.com
wesley.morrissette@bartlit-beck.com

*Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

James B. Heaton, III, an attorney, certifies that he filed **Plaintiffs' Memorandum in Support of Plaintiffs' Motion to Remand** using the CM/ECF system and caused a true and correct copy thereof to be served upon the following via electronic mail on June 7, 2017:

James F. Hurst, P.C.
Hariklia Karis, P.C.
Joshua Z. Rabinovitz, P.C.
Brenton A. Rogers
Brittany P. Cramer
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Tel. (312) 862-2000
Fax (312) 862-2200
james.hurst@kirkland.com
hariklia.karis@kirkland.com
joshua.rabinovitz@kirkland.com
brenton.rogers@kirkland.com
britt.cramer@kirkland.com

*Counsel for Defendant*

By: /s/ James B. Heaton, III
One of the Attorneys for Plaintiffs

Jeffrey A. Hall
James B. Heaton, III
Robert B. Tannenbaum
Wesley A. Morrissette
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 W. Hubbard Street, Suite 300
Chicago, IL 60654
Tel. (312) 494-4400
Fax (312) 494-4440
jeffrey.hall@bartlit-beck.com
jb.heaton@bartlit-beck.com
robert.tannenbaum@bartlit-beck.com
wesley.morrissette@bartlit-beck.com

*Counsel for Plaintiffs*