**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Elliott Associates, L.P.; Elliott International, L.P.; The Liverpool Partnership; Tyrus Capital Event Master Fund Limited; and Tyrus Capital Opportunities Master Fund Limited,

Plaintiffs,

v.

AbbVie Inc.,

Defendant.

Case No. 1:17-cv-3494

Judge John Z. Lee

**DEFENDANT ABBVIE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

In April 2017, Plaintiffs served interrogatory responses that, for the first time, confirmed that the resolution of this litigation would hinge on substantial issues under federal securities law. Plaintiffs do not dispute that federal jurisdiction attaches when a plaintiff's state law claim requires the resolution of a substantial issue under federal law. *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313-14 (2005); (Mot. to Remand at 4). The parties also agree that the basis for removal was not revealed in this case until Plaintiffs submitted their interrogatory responses to AbbVie and that removal was therefore timely.

Plaintiffs challenge removal on only one narrow ground. Plaintiffs contend that their fraudulent concealment claim does not "necessarily" require the court to resolve a federal issue because AbbVie's duty to disclose might also arise under state law. According to Plaintiffs, even though the parties had no actual business relationship, the parties' alleged "anticipated business dealings" are enough to support a state law duty to disclose. Plaintiffs are wrong.

Illinois law does not support Plaintiffs' argument. An actual business relationship is required to sustain a duty to disclose under Illinois law. There is no Illinois case, including the sole authority that Plaintiffs cite, that extends a duty to disclose to "anticipated" business dealings. If this case is to proceed, therefore, Plaintiffs will have to prove a violation of a duty to disclose under federal law. Jurisdiction in this Court is therefore appropriate. Plaintiffs' motion to remand should be denied.

## **BACKGROUND**

As Plaintiffs assert, this action arises from a proposed 2014 merger of AbbVie and Shire plc ("Shire"). (Mot. to Remand at 2 (citing Compl. ¶¶ 53-54, 56-57, Ex. A to Mot.).) The merger, if effectuated, would have combined AbbVie and Shire and created a new AbbVie-Shire entity that would be incorporated in the Bailiwick of Jersey, Shire's place of incorporation. (Compl. ¶¶ 24, 27.) The overseas incorporation of the combined entity would have transformed AbbVie, a U.S. company, into "New AbbVie," a foreign company, a process the Plaintiffs described as a "tax inversion." (*Id.* ¶ 33.)

Plaintiffs are "hedge funds that invest funds allocated by their investors in an investment strategy known as merger arbitrage." (*Id.* ¶ 58.) According to the Complaint, all Plaintiffs "made merger arbitrage investments" in Shire in the hopes of earning "the difference between [AbbVie's] offer price and the post-announcement (and pre-closing) trading price" of Shire "by buying and holding a position in [Shire plc] stock until acquisition closing." (*Id.* ¶¶ 60-61, 65-66.) But in this case, the merger did not close. On October 15, 2014, AbbVie announced that its Board had withdrawn its recommendation to AbbVie stockholders in favor of the proposed transaction with Shire. (*Id.* ¶ 55.)

On June 24, 2016, Plaintiffs filed a three-count Complaint in the Circuit Court of Cook County, Illinois, alleging fraudulent misrepresentation and fraudulent concealment. Plaintiffs acknowledged that to succeed on their claim of fraudulent concealment, they must establish that AbbVie had a duty to disclose to Plaintiffs the information allegedly concealed. (*Id.* ¶ 79; *see also* Plts. Opp'n. to Mot. to Dismiss at 14, Ex. C to Mot. to Remand.) Plaintiffs based their fraudulent concealment claim on the theory that "AbbVie had a duty to disclose that, on information and belief, it had not conducted an evaluation as to whether it would close the Shire transaction in the event government action eliminated or reduced the tax-inversion benefits of the deal." (Compl. ¶ 79.) Plaintiffs, however, did not identify in their Complaint the source of the supposed duty.

AbbVie moved to dismiss all claims on October 6, 2016. (9/22/16 Mot. to Dismiss, Ex. B to Mot. to Remand.) In opposition to AbbVie's motion, Plaintiffs argued that AbbVie had a duty to disclose under both federal and state law. First, Plaintiffs claimed AbbVie had a duty under federal law because it had federal "statutory and regulatory obligations [requiring AbbVie] to ensure its statements were truthful and not misleading by omission." (Plts. Opp'n to Mot. to Dismiss at 14-15.) Second, Plaintiffs asserted that AbbVie's alleged "affirmative 'deceptive conduct' in business dealings" imposed on it a duty to speak under Illinois law. (*See id.*) AbbVie, in its reply, noted that even if there had been a duty to speak, that duty still would not have extended to Plaintiffs, as shareholders of an unrelated entity, Shire. (11/23/16 Reply in Support of Mot. to Dismiss at 7 & n.5, Ex. 2c to Notice of Removal.)

The Illinois state court denied AbbVie's motion to dismiss. The court predicated its decision on the conclusion that Plaintiffs' allegations suggested that AbbVie may have "had a duty to disclose all material facts under Federal securities laws." (Mot. to Remand at 3 (quoting

1/6/17 Order Den. Mot. to Dismiss at 4, Ex. D to Mot. to Remand).) However, the court did not expressly address Plaintiffs' contention that a duty to disclose also arose under state law based on alleged "business dealings."

Following the state court's order on the motion to dismiss, AbbVie served interrogatories on Plaintiffs inquiring as to their supposed "business dealings" with AbbVie that would support a state law basis for their fraudulent concealment claim. On April 10, 2017, certain Plaintiffs submitted sworn responses to AbbVie's interrogatories, admitting that they have "not been a party to any business dealing or business transaction with AbbVie," thus negating any possible state law basis for that claim and leaving only Plaintiffs' asserted federal law basis for it. (*See* Mot. to Remand at 3; Pltf. Tyrus Capital Opportunities Master Fund Limited's Objs. and Answers to AbbVie Inc.'s First Set of Interrogatories at Resp. No. 2, Ex. 5a to Notice of Removal; Pltf. Tyrus Capital Event Master Fund Limited's Objs. and Answers to Defendant AbbVie Inc.'s First Set of Interrogatories at Resp. No. 2, Ex. 5b to Notice of Removal.[1]) Thus, Plaintiffs' interrogatory responses for the first time "affirmatively and unambiguously reveal[ed] that the predicates for removal [we]re present." *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013). Accordingly, on May 9, 2017, AbbVie timely filed a notice of removal. *See* 28 U.S.C. § 1446(b)(3). Plaintiffs' motion for remand followed.

[1] The other Plaintiffs also stated they had "not been a party to any business dealing or transaction with AbbVie" "aside from transactions in AbbVie securities." (E.g., Pltf. Elliott International L.P.' Objs. and Answers to AbbVie Inc.'s First Set of Interrogatories at Resp. No. 2, Ex. 5c to Notice of Removal; *see also* Exs. 5d-5e to Notice of Removal (stating same).) The holding of AbbVie securities is not alleged as a basis for any of Plaintiffs' claims, is not referenced as a basis for remand in Plaintiffs' Motion to Remand, and is irrelevant for purposes of establishing a duty to disclose on the part of AbbVie under Illinois law. (*See* Mot. to Remand at 3, 5.)

## ARGUMENT

### I. PLAINTIFFS' FRAUDULENT CONCEALMENT CLAIM NECESSARILY RAISES A SUBSTANTIAL, DISPUTED FEDERAL ISSUE.

Removal is proper when evaluation of a state law claim requires an analysis of a "duty imposed on the [defendant]," the "source of" which is "found in *federal* law." *D'Alessio v. New York Stock Exch.*, 258 F.3d 93, 101–103 (2d Cir. 2001) (emphasis in original). In the context of federal securities laws, federal courts have "regularly accepted jurisdiction over state law claims . . . when such claims are founded upon duties imposed under the rules and regulations promulgated pursuant to the Exchange Act." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 922 F. Supp. 2d 475, 483–84 (S.D.N.Y. 2013) (substantial federal question existed where a court was required "to construe federal securities laws and evaluate the scope of the NYSE's duties, as defined under the Exchange Act and the regulations and rules thereto," in evaluating a state law claim for negligence).

In this case, Plaintiffs initially relied on two sources of a duty to disclose: first, a duty under Illinois law in the context of alleged "affirmative 'deceptive conduct' in business dealings"; and second, federal "statutory and regulatory obligations to ensure its statements were truthful and not misleading by omission." (Plts. Opp'n to Mot. to Dismiss at 14-15.) On April 10, 2017, however, Plaintiffs affirmatively foreclosed any basis for a duty to disclose under Illinois state law by representing that they have "***not been a party to any business dealing or business transaction with AbbVie.***" (*See* Exs. 5a-5e to Notice of Removal (emphasis added).) Accordingly, to assess the merits of Plaintiffs' fraudulent concealment claim, the Court will need to interpret whether AbbVie owed a duty to the Plaintiffs under federal securities laws.

### A. There Is No State Law Basis for a Duty to Disclose on the Part of AbbVie.

The only argument Plaintiffs raise in support of remand is that AbbVie had an independent state law duty to speak because AbbVie, as a potential merger partner of Shire, had "anticipated business dealings" with Shire shareholders, including Plaintiffs. Plaintiffs' assertion is both legally and factually incorrect.

#### 1. A duty to disclose arises only in a business transaction where there is a seller/buyer, landlord/tenant or customer relationship between the parties.

Turning first to the legal shortcomings, Plaintiffs vastly overstate the business relationships in which Illinois courts have imposed a duty to disclose. In *every single case* Plaintiffs cite in which an Illinois court found a duty to speak, the parties had a seller/buyer, landlord/tenant, or customer relationship. (*See* Reply in Support of Mot. to Dismiss at 7 n.5 (collecting cases).) Not a single case cited by Plaintiff in its dismissal (or remand) briefing recognized "anticipated business dealings" as a basis of such a duty.

In fact, the only case on which Plaintiffs rely in their remand motion is one in which the court ***rejected*** the existence of a duty to disclose. (*See* Mot. to Remand at 5 (citing *Neptuno Treuhand-Und Verwaltungsgesellschaft Mbh v. Arbor*, 692 N.E.2d 812, 295 Ill. App. 3d 567 (1st Dist. 1998)).) Plaintiffs distort the *Neptuno* court's holding and attempt to argue that, under *Neptuno*, "it is sufficient that Plaintiffs had 'prior *or anticipated business dealings*' with AbbVie." (*Id.* at 5.) This is not, however, what the court held.

In *Neptuno*, the plaintiff companies brought suit against the Chicago Board of Trade and its chairman, Patrick Arbor, alleging fraudulent concealment and negligent misrepresentation. *Neptuno*, 692 N.E.2d at 812, 295 Ill. App. 3d at 567. The court affirmed the dismissal of the plaintiffs' fraudulent concealment case. *Id.* at 817, 574. In so doing, the court concluded that defendants did *not* have a duty to disclose under Illinois law because "plaintiffs admit that they

had *no prior relationship* of any kind with Arbor and had *no fiduciary relationship* with the Chicago Board of Trade." *Id.* (emphasis added). The court then merely added that "[t]here were no prior or anticipated business dealings between either" defendant and the plaintiffs. *Id*. The *Neptuno* court did *not* hold that anticipated business dealings could sustain a duty to speak, nor did it base its holding on the absence of anticipated business dealings.

Indeed, Plaintiffs can point to *no* Illinois case that has *ever* held "anticipated business dealings" sufficient to confer a duty to speak under state law. Rather, Illinois cases confirm the limited circumstances in which a duty to disclose exists, recognizing that Illinois law does *not* impose a duty to disclose when the defendant is merely: (i) engaged in an "arms-length business relationship," *Fife v. mPhase Technologies, Inc.*, No. 12-cv-9647, 2014 WL 7146212, at*17 (N.D. Ill. Dec. 15, 2014); (ii) a "part[y] to a contract," *Loggerhead Tools, LLC v. Sears Holdings Corp.*, No. 12-cv-9033, 2016 WL 5111573, at *3 (N.D. Ill. Sept. 20, 2016) (quoting *Original Great Am. Chocolate Chip Cookie Co., Inc. v. River Valley Cookies, Ltd.,* 970 F.2d 273, 280 (7th Cir. 1992)); (iii) a company manager to separately-incorporated investors in the company, *Gas Technology Institute v. Rehmat*, 524 F. Supp 2d 1058, 1072 (N.D. Ill. 2007); or (iv) "an insurer" to its insured, *Greenberger v. GEICO General Ins. Co.*, 631 F.3d 392, 401 (7th Cir. 2011).

**2. Plaintiffs cannot establish a seller/buyer, customer, or investor relationship with AbbVie.**

Beyond the fact that Illinois law does not recognize "anticipated business dealings" as a basis for a duty to disclose, Plaintiffs have not alleged any facts that would give rise to a duty to disclose under Illinois law even if "anticipated" business dealings could sustain a claim. Plaintiffs admitted in sworn responses that they had never "been a party to any business dealing or business transaction with AbbVie." (*See* Exs. 5a- 5e to Notice of Removal.) And Plaintiffs' own allegations establish the absence of a seller/buyer or customer relationship with AbbVie

necessary to confer on AbbVie a duty to speak: Plaintiffs allege they were *Shire*, not *AbbVie*, investors engaged in inherently risky "[m]erger arbitrage." (Compl. ¶¶ 58-62.)

Despite their status as investors of an unrelated company, Plaintiffs claim they had "anticipated business dealings" in the form of "AbbVie's cultivation of support by Shire investors for the Shire merger." (Mot. to Remand at 5.) Noticeably absent from the Complaint, however, are allegations that AbbVie ever "cultivat[ed] support" from these Plaintiffs. (Compl. ¶¶ 65-66; 67-68, 70 (alleging general statements made by representatives of AbbVie to Shire shareholders other than Plaintiffs prior to Plaintiffs' alleged holding of shares).) Indeed, the Complaint contains no allegations of existing or expected interaction between Plaintiffs and AbbVie: Plaintiffs never met with AbbVie (*see id.*); they did not vote on the transaction (*id.* ¶ 55); and even if the merger had gone through, they would not have become investors in or shareholders of AbbVie (*id.* ¶¶ 24, 27).

Even if AbbVie had sought support for the transaction from Plaintiffs, "cultivation of support" of investors in Shire (the potential *seller*) by AbbVie (the potential *buyer*) is far from the type of seller/buyer relationship where Illinois courts have found a duty to disclose. In fact, the only duties Illinois courts have found in the context of a seller/buyer relationship are duties on the part of the *seller*, and then only in *closed-deal* transactions. *See Neptuno*, 692 N.E.2d at 817, 295 Ill. App. 3d at 573-74 (collecting cases). Plaintiffs' subjective (and admittedly speculative) belief that at some future point AbbVie might have sought support directly from them as Shire investors is nothing like the concrete, closed-deal seller/buyer relationships in which Illinois courts may find a duty to speak. *Id.* (rejecting the concept of a duty to disclose to investors by non-sellers and distinguishing cases in which a duty to speak was found as ones in

which there was a "legal," "fiduciary," "seller/buyer," "landlord/tenant," "supplier," or "customer" relationship between the parties).

**B. Plaintiffs' Sworn Admissions Disclaiming the Existence of a State Law Duty on the Part of AbbVie Invalidate and Supplant Allegations in Plaintiffs' Complaint.**

In a last ditch effort to resurrect a state law ground for a duty to disclose, Plaintiffs seem to claim that remand is appropriate because the vague allegations in the Complaint can somehow trump Plaintiffs' subsequent sworn statements foreclosing any basis for a duty to disclose under Illinois law. (*See* Mot. to Remand at 5-6.) But this argument ignores that removal can be based on subsequent litigation events that clarify federal jurisdiction. Removal can occur at any time, including in cases where "the case stated by the initial pleading is not removable," so long as an "amended pleading, motion, order or *other paper*" is filed "from which it may first be ascertained that the case is one which is *or has become removable*." 28 U.S.C. § 1446(b)(3) (emphasis added); *see also Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992) (explaining that the phrase "other paper" . . . "clearly refer[s] to actions normally and logically occurring after the filing of the initial pleading," and noting that "the answer to interrogatory which triggered the filing of the notice of removal in this case is such an 'other paper'").

Here, given the vague nature of the allegations, grounds for removal were not "affirmatively and unambiguously reveal[ed]" until Plaintiffs submitted their interrogatory responses admitting they had no business relationships with AbbVie that would confer on AbbVie a duty to speak under Illinois law. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013). At that point, Plaintiffs' sworn statements eliminated Illinois law as a conceivable basis of a duty to disclose, to the extent any exists, and supplanted the vague allegations in Plaintiffs' Complaint. Courts regularly recognize that often, the initial complaint

does not specify one way or the other grounds for removal, and accordingly, "interrogatory answers may constitute the 'other paper' under § 1446 necessary to give notice that an action has become removable." *See, e.g.*, *Roberson v. Orkin Exterminating Co., Inc.*, 770 F. Supp. 1324, 1328 (N.D. Ind. 1991). Plaintiffs' citations to *Lippitt v. Raymond James Fin. Servs. Inc.*, 340 F.3d 1033 (9th Cir. 2003) (Mot. to Remand at 5) and *Andrews v. Daughtry*, No. 1:12-CV-00441, 2013 WL 664564 (M.D.N.C. Feb. 22, 2013) (*id.* at 5-6) are therefore misplaced. In both of those cases, the removing party claimed the pleadings themselves, and not a subsequent paper, established grounds for removal.

Allowing Plaintiffs to treat the allegations in the Complaint as if presented in a factual vacuum would nullify section (b)(3) of the removal statute and violate "one of the most basic interpretative canons" — an action this Court cannot countenance. *See Corley v. United States*, 556 U.S. 303, 314 (2009) ("one of the most basic interpretative canons" is that "'a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant") (quoting *Hibbs v. Winn*, 542 U.S. 88, 101 (2004)).

## II. THE REMAINING *GRABLE* ELEMENTS ARE NOT IN DISPUTE, ARE EASILY MET, AND SUPPORT REMOVAL.

Plaintiffs do not challenge that the other elements of *Grable*, requiring that the federal issue be "actually disputed and substantial" and one "which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities," are met in this case. (*See* Mot. to Remand at 4 (quoting *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).). But a brief analysis of these elements demonstrates the appropriateness of federal jurisdiction over Plaintiffs' state law claims, all of which are predicated on the federal securities laws.

Under *Grable*, a disputed federal issue is "substantial" where there is "a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable*, 545 U.S. at 313. Here, the federal government has a substantial interest in the uniform application of the laws and regulations that govern the securities industry, which the state court would be forced to interpret to determine whether AbbVie had a duty to disclose and whether that duty extended to Plaintiffs. Indeed, AbbVie currently is litigating another case in the Northern District of Illinois, *Rubinstein v. AbbVie Inc. and Richard Gonzalez*, Case No. 1:14-cv-09465, the resolution of which also requires the court to interpret whether AbbVie owes duties to Shire shareholders under the federal securities laws. In an effort to promote consistency and preserve judicial resources, AbbVie has filed a motion to reassign this matter to Judge Dow as a related case. (A copy of that motion is attached as Exhibit A.) The state court's simultaneous evaluation of the applicability of duties set forth in the federal securities laws could lead to conflicting interpretations of those laws under similar facts. The federal interest in ensuring consistent application of the federal securities laws renders the disputed federal issue in this case substantial.

In the same vein, resolution of the substantial federal issue presented in this case would foster an appropriate balance of federal and state judicial responsibilities. Federal courts routinely resolve state law claims when those claims are based in the federal securities laws. *See In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 922 F. Supp. 2d 475, 483–84 (S.D.N.Y. 2013); *D'Alessio v. New York Stock Exch.*, 258 F.3d 93, 101–102 (2d Cir. 2001). As described above, the only remaining duty alleged to support Plaintiffs' state law claim for fraudulent concealment is one created by the Exchange Act. (*See* Plts. Opp'n to Mot. to Dismiss at 15 (citing 15 U.S.C. § 78j and 17 C.F.R. § 240.10b-5 as "statutory and regulatory obligations" AbbVie had "to ensure its statements were truthful and not misleading by omission").) The

Supreme Court recently confirmed in *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562 (2016), that federal jurisdiction based on *Grable* "typically fits cases . . . in which a state-law cause of action is 'brought to enforce' a duty created by the Exchange Act because the claim's very success depends on giving effect to a federal requirement." 136 S. Ct. at 1570. There can be no question that the federal court is the appropriate forum to resolve the substantial, disputed federal issue regarding the scope of duties under the Exchange Act that this case presents.

## CONCLUSION

For these reasons, and for the reasons explained in AbbVie's Notice of Removal (CMF No. 1), AbbVie respectfully requests this Court enter an Order denying Plaintiffs' Motion to Remand and retaining jurisdiction over this matter.

Dated: June 22, 2017

Respectfully submitted,

s/ *Daniel. E. Reidy*

Daniel E. Reidy
Michael P. Conway
Heather M. O'Shea
Elizabeth J. Marino
JONES DAY
77 West Wacker Drive
Chicago, IL 60601
Telephone: +1.312.782.3939
Facsimile: +1.312.782.8585

*Counsel for Defendant AbbVie Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2017, I electronically filed the foregoing **OPPOSITION TO PLAINTIFFS' MOTION TO REMAND** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record at their e-mail address on file with the Court.

s/ *Daniel E. Reidy*
Attorney for Defendant AbbVie Inc.