IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Elliott Associates, L.P.; Elliott International, L.P.; The Liverpool Partnership; Tyrus Capital Event Master Fund Limited; and Tyrus Capital Opportunities Master Fund Limited, <br><br> Plaintiffs, <br><br> -v- <br><br> AbbVie Inc., <br><br> Defendant. | Case No. 1:17-cv-3494 <br><br> Judge John Z. Lee |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF**
**PLAINTIFFS' MOTION TO REMAND**

AbbVie does not dispute that it bears the burden to establish federal jurisdiction. This requires that AbbVie demonstrate that Plaintiffs' Illinois-law fraudulent concealment claim "necessarily" requires resolution of a federal issue. *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). "If a claim can be supported independently by both state and federal law theories, federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Samuel Trading, LLC v. Diversified Grp., Inc.*, 420 F. Supp. 2d 885, 891 (N.D. Ill. 2006) (internal quotation omitted).

AbbVie has failed to meet its burden. AbbVie concedes that Plaintiffs' state-law theory survived Cook County Circuit Court Judge Margaret A. Brennan's January 6, 2017 Order denying AbbVie's motion to dismiss – a concession AbbVie must make to argue that a removal by its newest counsel eleven months into the case is timely. AbbVie's removal theory requires this Court to decide that a state law question that Judge Brennan never reached is fit for resolution here based on

an interrogatory response unrelated to the business dealings at issue in this case (AbbVie's solicitation of Shire-investor support) and which said nothing in contradiction to Plaintiffs' complaint. *Grable* does not allow that result.

Because Plaintiffs support their fraudulent concealment claim independently by both state and federal law theories, federal question jurisdiction does not attach.

## ARGUMENT

AbbVie agrees that this motion presents a "narrow" question: does Plaintiffs' interrogatory response that they had no business dealings with AbbVie unrelated to AbbVie's proposed merger with Shire eliminate Plaintiffs' independent Illinois-law basis for the duty to disclose underlying their fraudulent concealment claim? The answer is No, so AbbVie cannot establish federal jurisdiction.

For purposes of an Illinois-law fraudulent concealment claim, "[a] duty to disclose a material fact may arise out of several situations." *Guvenoz v. Target Corp.*, 2015 IL App (1st) 133940, ¶¶ 104-110, 30 N.E.3d 404, 424-25, *appeal denied*, 39 N.E.3d 1002 (Ill. 2015), and *cert. denied*, 136 S. Ct. 2409, 195 L. Ed. 2d 780 (2016). One of those situations is that a statute requires disclosure. Several Illinois cases rest a duty to disclose on statutory requirements. *See, e.g., Underwood v. Jack Phelan Dodge, LLC*, 2017 IL App (1st) 161718-U, ¶¶ 32-33 (Motor Vehicle Franchise Act created duty to disclose); *Salisbury v. Chapman Realty*, 124 Ill. App. 3d 1057, 1063, 465 N.E.2d 127, 132 (3d Dist. 1984) (Real Estate Brokers and Salesmen Licensing Act created duty to disclose). On this basis, looking to federal securities law, Judge Brennan determined that Plaintiffs adequately alleged AbbVie's duty to disclose in connection with their fraudulent concealment claim. (1/6/17 Order Den. Mot. Dismiss, attached as Ex. D to Pls.' Opening Br.)

But for federal jurisdiction of the type AbbVie asserts here, it is not enough that one of two independent bases for Plaintiffs' fraudulent concealment claim rests on a federal statute. As the Supreme Court made clear in *Grable*, defendants seeking a federal forum may not treat the term

"'federal issue' as a password opening federal courts to any state action embracing a point of federal law." 545 U.S. at 314. The federal forum is available only if there is no independent state-law theory supporting the state claim at issue. Here, as AbbVie concedes, Judge Brennan did *not* decide against Plaintiffs on their separate and independent Illinois-law theory for a duty to disclose. AbbVie acknowledges that the independent Illinois-law basis – that is, independent of the federal statutory duty theory – survived Judge Brennan's January 6, 2017 Order.[1] That independent Illinois-law basis is that AbbVie's concealment from Shire investors of material facts during its merger activities is actionable if done with the intention to deceive under circumstances creating an opportunity and duty to speak.

Admitting that the independent Illinois-law theory survived Judge Brennan's decision denying its motion to dismiss, AbbVie bases its theory of federal jurisdiction on an April 2017 interrogatory response by Plaintiffs. In that response, Plaintiffs objected because the interrogatory sought information *unrelated* to the anticipated AbbVie-Shire merger at issue and then acknowledged that Plaintiffs had no unrelated business dealings with AbbVie. As such, the interrogatory response added no relevant information to this case and said nothing inconsistent with the complaint. AbbVie contends that this interrogatory response establishes that Plaintiffs no longer have an independent Illinois-law basis for their fraudulent concealment claim. AbbVie is incorrect.

AbbVie sought the support of Shire investors and cultivated the trust and confidence of Shire investors to gain that support. As Plaintiffs set out in their opening brief, Illinois law can impose a duty to disclose when the defendant concealed a material fact about a business transaction to mislead the plaintiff. *W.W. Vincent & Co. v. First Colony Life Ins. Co.*, 351 Ill. App. 3d 752, 762,

---

[1] Otherwise, AbbVie's May 2017 removal was untimely. *See* 28 U.S.C. § 1446(b)(3) ("[N]otice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

814 N.E.2d 960, 969, (1st Dist. 2004) ("The concealment of a material fact during a business transaction is actionable if done with the intention to deceive under circumstances creating an opportunity and duty to speak. A statement which is technically true may nevertheless be fraudulent where it omits qualifying material since a 'half-truth' is sometimes more misleading than an outright lie.") (internal quotations and citations omitted). The determination as to the Illinois-law duty to disclose is highly fact dependent, and may arise based on the plaintiff's prior or anticipated business dealings with the defendant. *See, e.g., Neptuno Treuhand-Und Verwaltungsgesellschaft Mbh v. Arbor*, 295 Ill. App. 3d 567, 574, 692 N.E.2d 812, 817, (1st Dist. 1998).[2]

The most decisive deficiency in AbbVie's opposition brief is that AbbVie points to no Illinois case holding that a defendant seeking support from merger-target's investors and inviting trust in the defendant's statements may not be one of the "several situations" in which an Illinois-law duty to disclose arises. *Guvenoz*, 2015 IL App (1st) 133940, ¶ 107, 30 N.E.3d at 425. AbbVie purports to distinguish Plaintiffs' role as Shire investors as being "investors of an unrelated company" (AbbVie Br. at 8), without facing up to the obvious fact that the "unrelated company" was AbbVie's merger target in a multi-billion-dollar transaction. AbbVie was highly active in soliciting Shire investor support from investors in that "unrelated company," activity that Plaintiffs allege in their Illinois state court complaint. *See, e.g.*, Complaint ¶ 68, attached as Ex. A to Plaintiffs' Opening Brief, the text of which is set out in the footnote below.[3] Plaintiffs' complaint alleges that

---

[2] The *Neptuno* court stated that the reasons for finding no duty to disclose were that "plaintiffs admit that they had no prior relationship of any kind with Arbor and had no fiduciary relationship with the Chicago Board of Trade. There were no prior or anticipated business dealings between either the Chicago Board of Trade or Arbor and FESAG." 692 N.E.2d at 817. AbbVie asks this Court to ignore the last sentence, asserting that the Illinois court "merely added" the reference to "anticipated business dealings." AbbVie Br. at 7. AbbVie offers no rationale for why the court's words should be ignored.

[3] "68. When AbbVie publicly disclosed its increased offer price for Shire on July 8, 2014, AbbVie said that it had met with or spoken to 'a large number of Shire shareholders, who collectively

4

AbbVie knew that Shire investors would be highly reluctant to support the transaction if they knew that AbbVie had not studied whether it would close the transaction in the event the government acted on tax inversions. (*Id.* ¶ 5.) AbbVie cultivated Shire investor trust and confidence, telling them it was offering "Shire shareholders compelling immediate value with significant future upside potential from ownership in New AbbVie that AbbVie expects will create long-term value for all shareholders[.]." (*Id.* ¶ 30.)

Accepting AbbVie's argument against Plaintiffs' motion to remand would amount to a summary judgment ruling by this Court on a fact-specific and disputed issue of Illinois law. This is neither the time nor the place for that ruling. If there is uncertainty about the scope of the duty to disclose under Illinois law, that uncertainty demonstrates that AbbVie cannot show Plaintiffs' fraudulent concealment claim "necessarily" requires resolution of a federal issue. Uncertainty means doubt, and in this Circuit "[a]ny doubt regarding jurisdiction should be resolved in favor of the states." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).[4]

## CONCLUSION

For the reasons set forth in their Opening Brief and this Reply, Plaintiffs request that the Court grant their motion and remand the case to Illinois state court.

---

represent a majority of Shire's outstanding shares.' (Exhibit 22 to this Complaint at 1.) Mr. Gonzalez stated: 'AbbVie has made a compelling offer to Shire that creates immediate and long-term value to shareholders of both companies. We think its shareholders should strongly encourage the Shire board to engage in constructive dialogue with AbbVie.' (*Id.* at 2.) The same day, AbbVie stated: 'AbbVie strongly encourages [Shire] shareholders to consider the Fourth Proposal [*i.e.*, the revised proposal that AbbVie announced on July 8, 2014] and communicate their perspective to Shire's Board….' (*Id.*) Mr. Gonzalez personally participated in several meetings with large Shire shareholders between June 20, 2014 and July 8, 2014."

[4] *See also Allen v. Bank of Am., N.A.*, 5 F. Supp. 3d 819, 827 (N.D. Tex. 2014) ("It makes no difference whether the state law cause of action may ultimately not be viable or that a federal law claim might be more likely to succeed—if a plaintiff files a petition in state court alleging wholly state claims in a non-preempted field, the viability of the plaintiff's state law claims is a matter for a Texas state court to decide.").

Dated: June 26, 2017                                Respectfully submitted,


                                                    By: /s/ James B. Heaton, III
                                                        One of the Attorneys for Plaintiffs

Jeffrey A. Hall
James B. Heaton, III
Robert B. Tannenbaum
Wesley A. Morrissette
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 W. Hubbard Street, Suite 300
Chicago, IL 60654
Tel. (312) 494-4400
Fax (312) 494-4440
jeffrey.hall@bartlit-beck.com
jb.heaton@bartlit-beck.com
robert.tannenbaum@bartlit-beck.com
wesley.morrissette@bartlit-beck.com

*Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

James B. Heaton, III, an attorney, certifies that he filed **Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion to Remand** using the CM/ECF system and caused a true and correct copy thereof to be served upon the following via electronic mail on June 26, 2017:

Daniel E. Reidy
Michael P. Conway
Heather M. O'Shea
Elizabeth J. Marino
JONES DAY
77 West Wacker Drive
Chicago, IL 60601
Tel. (312) 782-3939
Fax: (312) 782-8585
dereidy@jonesday.com
mconway@jonesday.com
hoshea@jonesday.com
ejmarino@jonesday.com

*Counsel for Defendant*

By: /s/ James B. Heaton, III
One of the Attorneys for Plaintiffs

Jeffrey A. Hall
James B. Heaton, III
Robert B. Tannenbaum
Wesley A. Morrissette
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 W. Hubbard Street, Suite 300
Chicago, IL 60654
Tel. (312) 494-4400
Fax (312) 494-4440
jeffrey.hall@bartlit-beck.com
jb.heaton@bartlit-beck.com
robert.tannenbaum@bartlit-beck.com
wesley.morrissette@bartlit-beck.com

*Counsel for Plaintiffs*