IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELLIOTT ASSOCIATES, L.P.; ELLIOTT INTERNATIONAL, L.P.; THE LIVERPOOL PARTNERSHIP; TYRUS CAPITAL EVENT MASTER FUND LIMITED; and TYRUS CAPITAL OPPORTUNITIES MASTER FUND LIMITED, | ) ) ) ) ) ) ) | Case No. 17-cv-3494 <br><br> Judge Robert M. Dow, Jr. |
|           Plaintiffs, | ) ) ) | |
|    v. | ) ) | |
| ABBVIE, INC., | ) ) | |
|           Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiffs' motion [16] to remand this case to the Circuit Court of Cook County, Illinois pursuant to 28 U.S.C. § 1447(c) for lack of federal subject matter jurisdiction. For the reasons stated below, Plaintiffs' motion [16] is granted. The Clerk is directed to remand this case to the Circuit Court of Cook County for further proceedings.

I.    **Background**

Plaintiffs Elliott International, L.P., the Liverpool Partnership, Tyrus Capital Event Master Fund Limited, and Tyrus Capital Opportunities Master Fund Limited (collectively, "Plaintiffs") are hedge funds that bought shares of Shire, PLC ("Shire") in 2014 following public announcements that Shire planned to merge with Defendant Abbvie, Inc. ("Defendant"). Defendant's board canceled the transaction shortly after the U.S. Department of Treasury announced regulatory changes that eliminated certain anticipated tax benefits of the merger.

Plaintiffs filed a complaint against Defendant in the Cook County Circuit Court based on

allegations that they made investments in Shire in reliance on Defendant's fraudulent misrepresentations and concealment of material facts concerning the AbbVie-Shire transaction. The complaint contains two state-law claims for fraudulent misrepresentation (Counts I and III) and one state-law claim for fraudulent concealment (Count II).

In their fraudulent concealment claim, Plaintiffs allege that, "[b]ased on Abbvie's statements at the time of the announcement of the Shire transaction, including its representation that it had 'studied this transaction very, very carefully' and had concluded that the deal was 'highly executable' despite the potential for government action that would eliminate or reduce tax-inversion benefits of the deal, AbbVie had a duty to disclose that, on information and belief, it had not conducted an evaluation as to whether it would close the Shire transaction in the event government action eliminated or reduced the tax-inversion benefits of the deal." [1-2] at 34-35. Plaintiffs further allege on information and belief that "AbbVie knew that investors (such as Plaintiffs) would be highly reluctant to support the transaction if they knew that AbbVie had not studied whether it would close the transaction in the event the government took such action— especially in light of the controversy surrounding tax inversions and the wide expectation that the government might take such action." *Id*. at 35. According to Plaintiffs, if Defendant had revealed the truth, they "would have unwound their existing positions and would not have acquired additional interests in Shire shares." *Id*. Plaintiffs allege that they were injured as a result of Defendant's fraudulent concealment, when "AbbVie's decision not to close the Shire acquisition caused the price of Shire shares to fall nearly 30% in just two days." *Id*. at 36.

Defendant filed a motion to dismiss all three of Plaintiffs' claims. As to the fraudulent concealment claim, Defendant argued that Plaintiffs failed to plead sufficiently that Defendant had a duty to disclose material concealed facts to Plaintiffs. In opposition, Plaintiffs asserted that

2

Illinois and federal law independently imposed on Defendant a duty to disclose. Plaintiffs cited Illinois case law for the proposition that "affirmative 'deceptive conduct' in business dealings, including false statements of fact and half-truths, gives rise to a duty to disclose the material fact that was 'active[ly] conceal[ed].'" [17-4] at 19-20 (quoting *Heider v. Leewards Creative Crafts, Inc.*, 613 N.E.2d 805, 814 (Ill. App. 1993)) (citing *W.W. Vincent & Co. v. First Colony Life Ins. Co.*, 814 N.E.2d 960, 969 (Ill. App. 2004); *Neptuno Treuhand-Und Verwaltungsgesellschaft Mbh v. Arbor*, 692 N.E.2d 812, 828 (1st Dist. 1998)). Plaintiff also argued that Defendant had statutory and regulatory obligations under federal securities law to ensure its statements were truthful and not misleading by omission. [17-4] at 20 (citing 15 U.S.C. § 78j; 17 C.F.R. § 240.10b-5).

The Cook County Circuit Court denied Defendant's motion to dismiss in full. On the fraudulent concealment claim, the court discussed only Defendant's "duty to disclose all material facts under Federal securities laws," but did not reject Plaintiffs' independent state law basis for that claim. [17-5] at 4.

Defendant answered Plaintiffs' complaint and the parties began discovery. Defendant served interrogatories, one of which instructed: "Without regard to time period, state the time frame and subject matter of any business dealings or business transactions between you and AbbVie, and identify any agreements or other transaction documents (proposed, draft, or executed) to which you and AbbVie were parties." [17-6] at 8. All of the Plaintiffs objected on the ground that the interrogatory sought information unrelated to the Shire/AbbVie transaction at issue under the complaint. Subject to their objections, some of the Plaintiffs responded that they had not been parties to any business dealing or business transaction with Defendant, while other Plaintiffs responded that they had not been a party to any business dealing or business

transaction with Defendant "aside from transactions in AbbVie securities" and agreed to produce relevant documents that "relate to Plaintiff's transactions in AbbVie securities." *Id.*

Less than thirty days after receiving the interrogatory responses, Defendant removed the lawsuit to federal court pursuant to 28 U.S.C. § 1441. Defendant asserted that removal was appropriate and timely because Plaintiffs' "responses to AbbVie's interrogatory made clear for the first time that [P]laintiffs will have to prove a violation of obligations imposed by federal law—§ 10(b)—to prevail on their fraudulent concealment claim for their claimed damages suffered as Shire shareholders," thereby making removal appropriate under *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 208 (2005). Currently before the Court is Plaintiffs' motion to remand [16].

## II.    Legal Standard

"The federal removal statute permits a defendant to remove a civil action from state court when a district court has original jurisdiction over the action." *Micrometl Corp. v. Tranzact Techs., Inc.*, 656 F.3d 467, 470 (7th Cir. 2011) (citing 28 U.S.C. § 1441(a)). Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case may "aris[e] under" federal law in two ways. *Id.* In the "vast bulk of suits that arise under federal law," "federal law creates the cause of action asserted." *Evergreen Square of Cudahy v. Wisconsin Housing & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) (quoting *Gunn v. Minton*, 568 U.S. 251, 256 (2013)) (internal quotation marks omitted). In the other "slim category" falls state law claims in which "'a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.'" *Id.* at 466 (quoting *Gunn*, 568 U.S. at 258); see *also Grable*, 545 U.S. at 312-13. "This inquiry rarely

results in a finding of federal jurisdiction." *Evergreen Square*, 776 F.3d at 466 (citing *Hartland Lakeside Joint No. 3 Sch. Dist. v. WEA Ins. Corp.,* 756 F.3d 1032, 1033 (7th Cir. 2014)). Further, "[i]f a claim can be supported independently by both state and federal law theories, 'federal question jurisdiction does not attach because federal law is not a necessary element of the claim.'" *Samuel Trading, LLC v. Diversified Group, Inc*., 420 F. Supp. 2d 885, 891 (N.D. Ill. 2006) (quoting *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996)).

The party invoking federal jurisdiction has the burden of establishing that it exists. See *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004) (a removing defendant must demonstrate "reasonable probability that subject-matter jurisdiction exists"). In evaluating whether to remand a case, a plaintiff's choice of forum is presumed valid, and the Court must resolve any doubts about jurisdiction in favor of remand. See *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); see also *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) ("Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum."); *Schmude v. Sheahan*, 198 F. Supp. 2d 964, 966 (N.D. Ill. 2002) ("Generally, the removal statute is strictly construed, with an eye towards limiting federal jurisdiction.").

## III. Analysis

There appears to be no dispute between the parties over whether the federal issue raised by Plaintiffs' complaint (Defendant's alleged duty to disclose under federal securities law) is actually disputed, substantial, or capable of resolution in federal court without disrupting the federal-state balance approved by Congress. See *Grable*, 545 U.S. at 312-13; *Evergreen Square*, 776 F.3d at 466. Thus, Plaintiffs properly identify the one issue remaining for the Court to decide: "does Plaintiffs' interrogatory response that they had no business dealings with AbbVie

5

unrelated to AbbVie's proposed merger with Shire eliminate Plaintiffs' independent Illinois-law basis for the duty to disclose underlying their fraudulent concealment claim?" [32] at 2. Resolving any doubts about jurisdiction in favor of remand, the Court concludes that remand is required and grants Plaintiffs' motion.

Under Illinois law governing fraudulent concealment claims, "[t]he concealment of a material fact during a business transaction is actionable if 'done with the intention to deceive under circumstances creating an opportunity and duty to speak.'" *W.W. Vincent and Co. v. First Colony Life Ins. Co*., 814 N.E.2d 960, 969 (Ill. App. 2004) (quoting *Perlman v. Time, Inc*., 380 N.E.2d 1040, 1044 (1978)). "A statement which is technically true may nevertheless be fraudulent where it omits qualifying material since a 'half-truth' is sometimes more misleading than an outright lie." *Id*. A duty to disclose a material fact may arise if the plaintiff and defendant "are in a fiduciary or confidential relationship," or when "a plaintiff places trust and confidence in a defendant, thereby placing a defendant in a position of influence and superiority over plaintiff." *Guvenoz v. Target Corp*., 30 N.E.3d 404, 425 (Ill. App. 2015).

Defendant asserts in its removal notice that Plaintiffs' interrogatory responses foreclose Plaintiffs from pursuing a fraudulent concealment claim based on Illinois law, leaving only the federal securities statutes as a basis for that claim and making removal under *Grable* appropriate.

Unlike Defendant, the Court does not read Plaintiffs' interrogatory responses as an unambiguous concession that Plaintiffs have not engaged in any "business transaction[s]" with Defendant that could support a fraudulent concealment claim under Illinois law. *W.W. Vincent*, 814 N.E.2d at 960. Some of the Plaintiffs' interrogatory answers clearly show that they consider the proposed merger and related interactions between Defendant and Plaintiffs to be "business transaction[s]." See [17-6] at 8 (interrogatory response by some Plaintiffs that they had not been

a party to any business dealing or business transaction with Defendant "aside from transactions in AbbVie securities" and that they would produce relevant documents that "relate to Plaintiff's transactions in AbbVie securities"). Further, Plaintiffs alleged in their complaint that Defendant solicited Shire investor support for the merger and encouraged shareholders to communicate support for the transaction to the Shire board. See [1-2] at 31-32; [32] at 4-5 & n.3. The Court cannot say based on the legal authorities before it that these allegations (and any other allegations and proof that Plaintiffs might develop during discovery) are insufficient to support a fraudulent concealment claim under Illinois law based on "[t]he concealment of a material fact during a business transaction." *W.W. Vincent*, 814 N.E.2d at 960. Indeed, it is worth noting that the Cook County Circuit Court already determined that Plaintiffs' allegations of fraudulent concealment were sufficient to survive a motion to dismiss.

Defendants fault Plaintiff for not citing an Illinois fraudulent concealment case in which the business transaction at issue was a company's solicitation of support from the shareholders of a company with which it seeks to merge. According to Defendants, in all of the cases cited by Plaintiff, the plaintiff and defendant had either a buyer/seller, landlord/tenant, or customer relationship. But Defendant, which bears the burden of establishing federal jurisdiction (see *Schimmer*, 384 F.3d at 404), does not cite any case law limiting fraudulent concealment claims to these discrete types of business relationships. The Court therefore agrees with Plaintiff that Defendants' argument for keeping this case in federal court falls short because Defendant "points to no Illinois case holding that a defendant seeking support from merger-target's investors and inviting trust in the defendant's statements may not be one of the 'several situations' in which an Illinois-law duty arises." [32] at 4 (quoting *Guvenoz*, 30 N.E.3d at 425).

Finally, it is not clear to the Court that a fraudulent concealment claim can never be based

on "anticipated" business transactions, as Defendant argues. In *Neptuno*, the Illinois Appellate Court held that companies that hired a trader could not maintain an action against the Chicago Board of Trade or its chairman for fraudulent concealment for failing to reveal in the chairman's letter of reference for the trader that he had been subject to discipline, because there was "no fiduciary relationship" and "no prior or anticipated business dealings between" the companies and the Chicago Board of Trade or its chairman. 692 N.E.2d at 817. While *Neptuno* does not expressly hold that a fraudulent concealment claim may be based on "anticipated business dealings," it certainly suggests it. And the Court sees no reason why an anticipated business dealing that ultimately is not consummated would not support a fraudulent concealment claim, if the plaintiff can prove all of the elements of the claim, including "circumstances that created a duty to speak," reliance and resulting damages. *D'Attomo v. Baumbeck*, 36 N.E.3d 892, 912 (Ill. App. 2015); cf. *LoggerHead Tools, LLC v. Sears Holding Corp.*, 19 F. Supp. 3d 775, 782 (N.D. Ill. 2013) (denying motion to dismiss potential seller's claim against potential buyer for fraudulent concealment of facts relating to buyer's development of competing products, where it was "clear [that the buyer] was in a position of influence and superiority over [the seller], and [the buyer's] interest in [the seller's] other potential vendors demonstrated that [the seller] might jeopardize its relationship with [the buyer] if it were to enter into negotiations with [other vendors]").

In sum, the Court has "doubt" about Defendant's position that Plaintiffs have no independent Illinois-law basis for their fraudulent concealment claim, and therefore must grant Plaintiffs' motion to remand. *Schur*, 577 F.3d at 758; see also *Doe*, 985 F.2d at 911.

IV.     **Conclusion**

For the foregoing reasons, Plaintiff's motion to remand [16] is granted.  The Clerk is directed to remand this case to the Circuit Court of Cook County for further proceedings.

Dated:  October 12, 2017

_____
Robert M. Dow, Jr.
United States District Judge